UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANTHONY DOTSON, | Case No. 3:16-cv-00113-MMD-WGC |
|---|---|
| Plaintiff, | SCREENING ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, and a motion for appointment of counsel. (ECF. No. 1-1, 1-5, 4.) The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

I.   **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of

action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF. No. 1-1 at 1.) Plaintiff sues defendants director of corrections James Cox, NNCC Warden Isidro Baca, associate warden of operations Lisa Walsh, associate warden of programs Ronald Schreckengost, caseworker Shannon Moyle, director of nurses Terry Jacobs, nurse Melissa, correctional officer lieutenant Girabaldi, correctional officer Cruse, correctional officer F. Miller, and the Nevada Department of Corrections.[1] (*Id.* at

---

[1] The NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010). As such, the Court dismisses with prejudice all claims against the NDOC, as amendment would be futile.

1-4.) Plaintiff alleges one count and seeks monetary relief. (*Id.* at 7, 15.)

Plaintiff alleges that on January 29, 2015, he was initially denied and then delayed access to medical treatment after exhibiting breathing problems. (*Id.* at 7.) The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal quotation marks omitted).

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities' [.] . . .
> The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

*Farmer*, 511 U.S. at 834 (citations omitted). Deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 105. "Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is satisfied by showing "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation omitted). Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must

show that the delay led to further injury. *See Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002).

Plaintiff fails to allege that the delay led to further injury. Plaintiff alleges he was turned away from the door of the medical department by defendant Cruse, and did not receive treatment until after he spoke with defendant Girabaldi and sat in the waiting room of the medical department for some time while other inmates were treated. (ECF No. 1-1 at 7-9.) Plaintiff actually alleges that his breathing was "clear" before he even received medical treatment. (*Id.* at 8.) Regardless, Plaintiff received treatment for his breathing after waiting in the medical department, was given a special permission slip to return to medical every six hours as needed for albuterol nebulizer treatment, and two weeks later he was issued his own portable nebulizer. (*Id.* at 10.)

Plaintiff alleges that the prison officials treated him poorly before and during his treatment. (*See id.* at 7-10.) An allegation that prison officials are not nice, or that they use abrasive language, is insufficient to state a colorable constitutional claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment.") Plaintiff fails to satisfy either requirement of an Eighth Amendment violation: the deprivation alleged is not sufficiently serious to merit an action based on a constitutional violation as his symptoms abated and in any case he received treatment in a reasonably timely manner, and he has not alleged the unnecessary or wanton infliction of pain as his symptoms abated even before prison officials provided treatment. *See Farmer*, 511 U.S. at 834 (citations omitted). Even if Plaintiff's symptoms persisted until he received treatment, the delay alleged by Plaintiff was not substantial.

Plaintiff also fails to state a Fourteenth Amendment claim. In *Graham v. Connor*, the United States Supreme Court found that substantive due process cannot supply the basis for a civil rights claim if the challenged governmental conduct is prohibited by another, more specific, constitutional right. *Graham*, 490 U.S. 386, 394-95 (1989). Plaintiff is unmistakably claiming deliberate indifference to a serious medical need,

5

which is prohibited by the Eighth Amendment. Plaintiff fails to state a colorable claim. Further, Plaintiff cannot correct this claim with any reasonable amendment consistent with his original complaint. As such, Plaintiff's complaint is dismissed in its entirety with prejudice for failure to state a claim, as amendment would be futile.

### III.   MOTION FOR COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 5.) A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel and does not find that the outcome of this case would be altered by the appointment of counsel. As such, the Court denies the motion for appointment of counsel (ECF No. 1-5).

### IV.   CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's complaint (ECF No. 1-1) is dismissed in its entirety, with prejudice, for failure to state a claim.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 1-5) is denied as moot.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of the Court will enter judgment accordingly and close this case.

DATED THIS 26th day of August 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE